UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-22309-BLOOM/Otazo-Reyes**

SAMUEL MICELUS,

    Plaintiff,

v.

NOA MIAMI MANAGEMENT LLC,
*d/b/a* NOA CAFE,

    Defendant.
_____/

**ORDER ON JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

**THIS CAUSE** is before the Court on the parties' Joint Motion for Approval of FLSA Settlement and to Dismiss Case with Incorporated Memorandum of Law, ECF No. [17] (the "Motion"), filed on August 11, 2023.

This is an action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, in which the parties have stipulated to dismissal following a settlement. A private FLSA action for back wages may be settled when a court reviews and approves a proposed settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Before a court may approve the proposed settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354-55. When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Unlike with many claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory

Case No. 23-cv-22309-BLOOM/Otazo-Reyes

rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damage is called for."); *Lynn's Food Stores*, 679 F.2d at 1352-53; *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011).

The Motion indicates that the Defendant's Offer of Judgment, ECF No. [15-1], includes the settlement agreements' terms. ECF No. [17] at 1. In addition, the Motion states that "Plaintiff does not bear any responsibility for fees and costs, and the amount of reasonable attorney's fees and costs are $4,297.00." ECF No. [17] at 2. Neither the Motion nor Defendants' Offer of Judgment indicates what portion of Defendants' offer is liquidated damages. Regarding the amount corresponding to wages or overtime compensation under 29 U.S.C. section 216(b), Plaintiff is entitled to an equal amount – an *additional* amount – in liquidated damages. Moreover, neither Defendant's Offer of Judgment nor the Motion clarifies whether the $10,000.00 amount is inclusive of attorneys' fees, so the parties must so clarify. For those reasons, the Settlement Agreement must be rejected.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [17]**, is **DENIED WITHOUT PREJUDICE**.
2. The parties must submit a settlement agreement that conforms with the FLSA and the guidance contained in this Order **no later than August 21, 2023**.

Case No. 23-cv-22309-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record